UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CPE MEMBER LLC and WHP EQUITIES LLC,

Plaintiffs,

-against-

JP MORGAN CHASE BANK, N.A.,

Defendant.

Docket No. 1:25-cv-02942

**COMPLAINT**

Plaintiffs, CPE Member LLC and WHP Equities LLC, by and through their attorneys, Rosenberg & Estis, P.C., state the following as and for their complaint herein:

## THE PARTIES

1.  Plaintiff CPE Member LLC ("CPE") is a New York limited liability company with its principal place of business in Brooklyn, New York.

2.  Plaintiff WHP Equities LLC ("WHP" and together with CPE, "Plaintiffs") is a New Jersey limited liability company with its principal place of business in Brooklyn, New York.

3.  Upon information and belief, Defendant JP Morgan Chase Bank, N.A. ("JP Morgan" or "Defendant"), is a national banking association organized under the laws of the United States of America with its principal place of business in the State of Ohio.

## JURISDICTION AND VENUE

4.  The jurisdiction of this Court is predicated upon 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Eastern District of New York.

**FACTUAL BACKGROUND**

**A.      The Bankruptcy Auction and Sale**

6. On August 3, 2023, non-party debtor, 8200 Realty Associates LLC ("Debtor"), commenced a voluntary case under Chapter 11 of Title 11 of the United States Code by filing a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). *See In re 8200 Realty Associates LLC, et al.*, Case No. 23-42775 (JMM) (the "Bankruptcy Case"), ECF Doc. No. 1.

7. On May 2, 2024, the Bankruptcy Court entered an order approving, *inter alia*, specific bid procedures (the "Bid Procedures") governing the auction and sale of the property known as and located at 8200 Bay Parkway, Brooklyn, New York (the "Property"). *See* Bankruptcy Case, ECF Doc. No. 81, Exhibit 1.

8. On July 30, 2024, an auction for the sale of the Property (the "Auction") was held in accordance with the Bid Procedures and WHP was deemed the successful bidder with a winning bid of $5,050,000 (the "Purchase Price").

9. In accordance with the Bid Procedures, CPE, which is an entity affiliated with WHP and shares the same principal as WHP, deposited $430,000 on behalf of WHP into an escrow account held by Debtor's counsel, to be credited toward the Purchase Price of the Property (the "Deposit").

10. On October 17, 2024, the Bankruptcy Court entered an order (the "Sale Approval Order"; *see* Bankruptcy Case, ECF Doc. No. 125), approving the sale of the Property to WHP and

RE\19912\0001\6061854v1

providing, *inter alia*, that WHP shall close on the sale no later than twenty (20) days after the Bankruptcy Court enters an order confirming the Debtor's plan of liquidation (the "Liquidation Plan").

11. On November 21, 2024, the Bankruptcy Court entered an order confirming Debtor's Liquidation Plan (*see* Bankruptcy Case, ECF Doc. No. 132), which established a December 11, 2024 closing date pursuant to the Sale Approval Order.

12. Prior to December 11, 2024, WHP, Debtor and Debtor's senior secured lender, non-party Valley National Bank ("VNB"), agreed to extend the December 11, 2024 closing date to December 30, 2024.

13. WHP, Debtor and VNB then agreed to extend the December 30, 2024 closing date to January 27, 2025 in consideration for an extension fee payment from WHP to Debtor in the amount of $25,000.

14. Although WHP did not close on its purchase of the Property by January 27, 2025, WHP, Debtor and VNB continued to negotiate WHP's purchase of the Property, including on or about March 11, 2025, when Debtor's counsel sent WHP and its bankruptcy counsel, *inter alia*, a settlement statement and updated calculations of carrying costs for the Property.

**B.** **JP Morgan's Unlawful Conversion of WHP's Closing Funds**

15. In order to facilitate WHP's closing on the Property, WHP retained Gerzon Law as its transactional counsel.

16. For approximately thirty (30) years, Gerzon Law held an attorney IOLA account with JP Morgan. Gerzon Law utilized this attorney IOLA account with JP Morgan to facilitate the closing transaction on behalf of WHP.

RE\19912\0001\6061854v1

17.     In March 2025, in connection with WHP's purchase of the Property, CPE deposited three checks in the aggregate amount of $1,450,000 (the "Closing Funds") from CPE's account with non-party Flagstar Bank, N.A. ("Flagstar"), ending in number ****2861, into the Gerzon Law attorney IOLA account with JP Morgan, ending in number ****4807.  The Closing Funds were intended by Plaintiffs to be used by WHP to fund a portion of the Purchase Price.

18.     Specifically, (i) on March 23, 2025, CPE deposited a check in the amount of $450,000 into the Gerzon Law attorney IOLA account with JP Morgan ending in number ****4807, (ii) on March 24, 2025, CPE deposited a check in the amount of $500,000 into the Gerzon Law attorney IOLA account with JP Morgan ending in number ****4807, and (iii) on March 26, 2025, CPE deposited a check in the amount of $500,000 into the Gerzon Law attorney IOLA account with JP Morgan ending in number ****4807.

19.     However, upon receipt of the checks, JP Morgan flagged the checks as fraudulent and placed a seven-business-day hold on the Gerzon Law attorney IOLA account.

20.     Upon expiration of the seven-business-day hold on Gerzon Law's attorney IOLA account, CPE and Gerzon Law demanded the immediate release of the $1,450,000 being held by JP Morgan so that WHP could close on its purchase of the Property.

21.     Despite these demands, JP Morgan, acting unlawfully, refused to release the Closing Funds to the Gerzon Law attorney IOLA account or return them to CPE in a timely manner.

22.     JP Morgan's failure to timely release or refund the $1,450,000 in Closing Funds prompted CPE to send a letter from Flagstar to JP Morgan, dated April 18, 2025, which verified that the three checks issued on behalf of CPE were authentic and had cleared CPE's Flagstar account, CPE had been a Flagstar client for over five years and its account was in good standing.

- 4 -

Flagstar had already confirmed the checks with a JP Morgan representative and the checks had no associated stop payment orders.

23. Following the April 18, 2025 letter, Plaintiffs and their transactional counsel, Anna Gerzon, spent hours on the phone with JP Morgan's customer service representatives requesting that JP Morgan release or return the Closing Funds held in Gerzon Law's now inaccessible attorney IOLA account.

24. Despite the April 18, 2025 letter verifying CPE's deposits into the Gerzon Law attorney IOLA account and Ms. Gerzon's efforts to personally rectify the account hold with JP Morgan's customer service representatives, JP Morgan would not release or return the Closing Funds without CPE verifying the checks with a phone number "registered" to CPE.

25. CPE could not verify the checks with a "registered" phone number because, as a small LLC, it does not maintain a phone number separate from that of its principal.

26. Due to JP Morgan's unlawful hold placed on Gerzon Law's attorney IOLA account, WHP was unable to utilize the Closing Funds to pay a significant portion of the Purchase Price for the Property and, therefore, unable to close on the transaction.

**C.    CPE Commences an Action against JP Morgan in New York State Court**

27. On April 17, 2025, due to JP Morgan's refusal to release or return the Closing Funds despite numerous demands, CPE commenced an action, by Summons with Notice, in Supreme Court of the State of New York, Kings County, entitled *CPE Member v. JP Morgan Chase Bank, NA*, Index No. 512878/2025 (the "State Court Action").  The State Court Action sought injunctive and declaratory relief due to JP Morgan's unlawful conduct relating to the Closing Funds, which resulted in WHP's inability to fund a portion of the Purchase Price for the Property.

RE\19912\0001\6061854v1

28.     On May 8, 2025 — weeks after JP Morgan had received Flagstar's April 18, 2025 letter validating the authenticity of CPE's checks and JP Morgan still failed to release or return the Closing Funds — CPE filed a motion, by order to show cause, seeking (i) injunctive relief, enjoining and restraining JP Morgan from interfering with WHP's purchase of the Property by, *inter alia*, freezing and restraining Gerzon Law's attorney IOLA account, and (ii) a temporary restraining order, requiring JP Morgan to immediately release any and all restraints, blocks and/or freezes on Gerzon Law's attorney IOLA account so that WHP could close on its purchase of the Property.

29.     Supreme Court (Cohen, J.) granted CPE's request for a temporary restraining order and scheduled a hearing for June 5, 2025 to adjudicate the portion of CPE's motion seeking injunctive relief (the "State Court Order"). *See* State Court Action, NYSCEF Doc. No. 26.

30.     On May 21, 2025, due to JP Morgan's failure to comply with the State Court Order, CPE filed another motion, by order to show cause, seeking, *inter alia*, an order of contempt and full compliance with the prior State Court Order.

31.     On May 22, 2025, Supreme Court (Cohen, J.) issued a second temporary restraining order, ordering JP Morgan's compliance with the prior State Court Order, and scheduled a hearing for July 17, 2025 to adjudicate, *inter alia*, the portion of CPE's motion seeking an order of contempt against JP Morgan. *See* State Court Action, NYSCEF Doc. No. 26.

32.     On May 27, 2025, JP Morgan removed the State Court Action to this Court pursuant to 28 U.S.C. § 1332. *See* ECF Doc. No. 1.

33.     Annexed to the Notice of Removal is an email from JP Morgan's counsel to CPE's prior counsel, dated May 22, 2025, stating that JP Morgan had returned the Closing Funds by mail to Gerzon Law on May 21, 2025. *See* ECF Doc. No. 1-2.

RE\19912\0001\6061854v1

34. Upon information and belief, WHP's $430,000 Deposit had not been released from the escrow account held by Debtor's counsel prior to May 21, 2025.

**D.      The Property is Sold to the Next Highest Bidder and WHP Forfeits the Deposit**

35. On May 7, 2025, while the State Court Action was pending and prior to JP Morgan's release of the Closing Funds, Debtor, VNB and non-party Reuven Salman ("Salman"), who was deemed the Next Highest Bidder at the Auction, entered into a Stipulation and Consent Order Governing Sale Closing Pursuant to Order Authorizing Sale of 8200 Property (the "May 2025 Stipulation"). *See* Bankruptcy Case, ECF Doc. No. 171.

36. Pursuant to the May 2025 Stipulation, Debtor, VNB and Salman agreed, *inter alia*, that "WHP has…defaulted on its obligation to close on its successful bid, its bid has been cancelled, and its [ ] Deposit and Extension Fee forfeited to the Debtor's estate." Bankruptcy Case, ECF Doc. No. 171, ¶ L.

37. The May 2025 Stipulation further states that Salman's Auction bid of $5,000,000 would be reduced to a purchase price of $4,200,000, inclusive of broker fees, and that Salman must close on the sale of the Property by no later than May 15, 2025. Bankruptcy Case, ECF Doc. No. 171, ¶¶ 3, 6.

38. Upon information and belief Salman has closed on the sale of the Property.

39. Upon information and belief, WHP's $430,000 Deposit had not been released from the escrow account held by Debtor's counsel prior to Salman closing on the sale of the Property.

40. As a result of JP Morgan's unlawful hold placed on Gerzon Law's attorney IOLA account, Plaintiffs have been damaged financially, including, *inter alia*, through WHP's forfeiture of the Deposit and inability to purchase the valuable Property.

- 7 -

**AS AND FOR A FIRST CAUSE OF ACTION**
(Conversion)

41. Plaintiffs repeat and reallege the allegations contained in paragraphs "1" through "40" above, as if fully set forth herein.

42. At all relevant times, CPE was the rightful owner of the property at issue — specifically, the $1,450,000 in Closing Funds (identified by the three checks described above) deposited by CPE into the Gerzon Law attorney IOLA account held by JP Morgan.

43. CPE's ownership of the Closing Funds was superior to any right, title or interest that JP Morgan claimed to the Closing Funds.

44. JP Morgan wrongfully, and without authorization, retained and exercised the right of ownership over the Closing Funds to the exclusion of CPE's rights thereto.

45. Despite numerous demands, JP Morgan refused to release the Closing Funds to the Gerzon Law attorney IOLA account or return the Closing Funds to CPE.

46. JP Morgan's unauthorized possession of the Closing Funds and interference with CPE's indisputable right to the Closing Funds constituted an unlawful conversion of CPE's property.

47. JP Morgan's wrongful conduct was reckless, willful and in derogation of CPE's superior rights.

48. As a result of JP Morgan's misconduct, WHP was unable to close on its purchase of the Property and forfeited its $430,000 Deposit.

49. By reason of the foregoing, Plaintiffs have suffered damages in an amount to be proven at trial, but not less than $430,000, plus statutory interest.

- 8 -

**WHEREFORE,** Plaintiffs demand judgment:

(a) On Plaintiffs' First Cause of Action, a money judgment against Defendant for actual, compensatory, consequential, and/or punitive damages in an amount to be determined at trial, but not less than $430,000, plus statutory interest; and

(b) For such other and further relief as the Court deems just, proper and equitable, including attorneys' fees, costs and disbursements.

Dated: New York, New York
    July 30, 2025

**ROSENBERG & ESTIS, P.C.**

By: */s/ Benjamin Z. Koblentz*
    Benjamin Z. Koblentz
    733 Third Avenue
    New York, New York 10017
    (212) 867-6000
    bkoblentz@rosenbergestis.com
    *Attorneys for Plaintiffs*

RE\19912\0001\6061854v1