UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
CPE MEMBER LLC and WHP EQUITIES
LLC,

       Plaintiffs,       **REPORT AND**
                **RECOMMENDATION**
   -against-       25-CV-2942 (NCM) (TAM)

J.P. MORGAN CHASE BANK, N.A.,

       Defendant.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

Plaintiffs CPE Member LLC and WHP Equities LLC ("Plaintiffs") initiated this case on April 17, 2025, in the Supreme Court of the State of New York, Kings County, alleging that Defendant J.P. Morgan Chase Bank, N.A. ("Defendant") impermissibly interfered with Plaintiffs' contract to purchase a property. *See* Summons with Notice, ECF 1-1, at ECF p. 2; *see generally* Compl., ECF 16 (bringing claim of conversion against Defendant regarding Plaintiffs' closing funds). On May 27, 2025, Defendant removed the matter to the U.S. District Court for the Eastern District of New York. Notice of Removal, ECF 1. Since then, Plaintiffs' counsel has withdrawn from the action, and Plaintiffs have failed to obtain new counsel and comply with four court orders. *See* Mar. 11, 2026 ECF Scheduling Order; Mar. 31, 2026 ECF Rescheduling Order; Apr. 20, 2026 ECF Min. Entry & Order; May 13, 2026 ECF Final Order to Show Cause.

On May 30, 2026, the Honorable Natasha C. Merle referred the case to the undersigned Magistrate Judge for a report and recommendation as to whether the complaint should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). May 30, 2026 ECF Order. The Court respectfully recommends that this case be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As stated above, Plaintiffs initiated this case on April 17, 2025, in the Supreme Court of the State of New York, Kings County. On May 27, 2025, Defendant removed the action to this Court and on December 22, 2025, Defendant filed a fully briefed motion to dismiss the complaint, which is pending before Judge Merle. *See* Mot. to Dismiss, ECF 24; Pls.' Mem. in Opp'n, ECF 27; Reply, ECF 28.

On March 10, 2026, Plaintiffs' counsel filed a motion to withdraw as counsel for Plaintiffs. *See* Mot. to Withdraw, ECF 29. Plaintiffs' counsel cited a breakdown of the attorney-client relationship and "outstanding invoices totaling $77,098.91" for which "Plaintiffs have failed to remit any payment" as the bases of their motion to withdraw. Koblentz Decl., ECF 29-1, ¶¶ 3, 8. On March 11, 2026, the Court scheduled a status conference for April 16, 2026, regarding the motion to withdraw. Mar. 11, 2026 ECF Scheduling Order. In the Court's scheduling order, the Court explicitly noted that a "**corporate representative of Plaintiffs CPE Member LLC and WHP Equities LLC are directed to personally appear for the scheduled conference.**" *Id.* (emphasis in original). The Court also expressly advised Plaintiffs that they must be represented by counsel and that "**[f]ailure to have counsel appear for the corporate Plaintiffs may result in this case being dismissed for failure to prosecute.**" *Id.* (emphasis in original). On March 31, 2026, the Court issued a rescheduling order, adjourning the conference to April 20, 2026. Mar. 31, 2026 ECF Rescheduling Order. The Court's rescheduling order likewise stated that a "**corporate representative of Plaintiffs CPE Member LLC and WHP Equities LLC are directed to personally appear for the scheduled conference.**" *Id.* (emphasis in original).

On April 20, 2026, the Court held a status conference regarding Plaintiffs' counsel's motion to withdraw. No corporate representative of Plaintiffs appeared at the

2

conference, despite the Court's March 11, 2026 and March 31, 2026 orders directing Plaintiffs to have a corporate representative personally appear. *See* Apr. 20, 2026 ECF Min. Entry & Order; *see also* Mar. 11, 2026 ECF Scheduling Order; Mar. 31, 2026 ECF Rescheduling Order. As stated on the record during the conference, and as reflected on the docket, Plaintiffs' counsel represented that he provided Plaintiffs with a copy of the Court's March 11, 2026 and March 31, 2026 orders via mail and email, based on the information counsel had on file for Plaintiffs. *See* Apr. 20, 2026 ECF Min. Entry & Order; Affs. of Service, ECF 31, 32, 33, & 34. Accordingly, as of April 20, 2026, Plaintiffs had failed to comply with two Court orders. *See* Mar. 11, 2026 ECF Scheduling Order; Mar. 31, 2026 ECF Rescheduling Order; *see also* Apr. 20, 2026 ECF Min. Entry & Order (noting that Plaintiffs failed to appear at the scheduled conference).

On April 20, 2026, at the scheduled conference, the Court granted Plaintiffs' counsel's motion to withdraw. *See* Apr. 20, 2026 ECF Min. Entry & Order. In the Court's minute entry and order following the conference, the Court directed Plaintiffs to have new counsel enter their appearance by May 11, 2026. *Id.* The Court respectfully reminded Plaintiffs that a party that is a corporation, partnership, or LLC "'may appear in federal court only through a licensed attorney,'" *id.* (quoting *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)), and that "**failure to have counsel appear for the corporate Plaintiffs will result in the Court recommending this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)**," Apr. 20, 2026 ECF Min. Entry & Order (emphasis in original).

In a paper order accompanying the Court's April 20, 2026 minute entry and order, the Court likewise advised Plaintiffs that "**failure to have counsel appear for the corporate Plaintiffs will result in the Court recommending this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**" Order, ECF

3

35, at 3 (citing Apr. 20, 2026 ECF Min. Entry & Order). Plaintiffs were warned that they must comply with the Federal Rules of Civil Procedure and the Court's orders if this case is to continue. *Id.* The Court also noted that Federal Rule of Civil Procedure 16(f) provides that "'the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order,'" *id.* (quoting Fed. R. Civ. P. 16(f)), and that under "Rule 37(b)(2)(A)(v), the Court may dismiss an action for a party's failure to comply with a court order," *id.* (citing Fed. R. Civ. P. 37(b)(2)(A)(v)). Finally, the Court warned that "**[u]nless Plaintiffs have new counsel enter an appearance by May 11, 2026, this Court will recommend that the case be dismissed with prejudice for failure to prosecute.**" *Id.* (citing Fed. R. Civ. P. 41(b)) (emphasis in original).

On May 13, 2026, when no new counsel entered an appearance on behalf of Plaintiffs, the Court issued a Final Order to Show Cause. May 13, 2026 ECF Final Order to Show Cause. The Court provided Plaintiffs with a final opportunity to have new counsel enter an appearance by May 27, 2026. *Id.* The Court advised Plaintiffs "**that failure to have counsel appear for the corporate Plaintiffs will result in the Court recommending this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**" *Id.* (citing Fed. R. Civ. P. 41(b)) (emphasis in original). The Court added that, in the event no new counsel entered an appearance by May 27, 2026, then Plaintiffs "must file a letter . . . showing good cause as to why this case should not be dismissed for failure to prosecute and why Plaintiffs have failed to follow, or obtain relief from, the Court's 4/20/2026 Order." *Id.* Despite the Court's May 13, 2026 order to show cause, Plaintiffs failed to have new counsel enter an appearance or provide a letter by May 27, 2026. *See generally* Docket.

To date, over a month after Plaintiffs' counsel's withdrawal, no new counsel has entered an appearance, Plaintiffs have failed to show cause as to why this case should not be dismissed, and Plaintiffs have failed to comply with four court orders. *See* Mar. 11, 2026 ECF Scheduling Order (directing a corporate representative of Plaintiffs to appear at the motion to withdraw conference); Mar. 31, 2026 ECF Rescheduling Order (same); Apr. 20, 2026 ECF Min. Entry & Order (directing Plaintiffs to have new counsel enter an appearance); May 13, 2026 ECF Final Order to Show Cause (directing Plaintiffs to have new counsel enter an appearance or, in the event of no new counsel, file a letter as to why this case should not be dismissed for failure to prosecute); *see also* Apr. 20, 2026 ECF Min. Entry & Order (noting that Plaintiffs failed to appear at the scheduled conference); *see generally* Docket.

On May 30, 2026, Judge Merle referred the case to the undersigned Magistrate Judge for a report and recommendation as to whether the complaint should be dismissed for failure to prosecute. *See* May 30, 2026 ECF Order. For the following reasons, the Court respectfully recommends that the case be dismissed under Rule 41(b).

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The district court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly authorized by Rule 41(b), the power of a district

court to dismiss on this basis is also "'considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "'harsh remedy'" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (internal quotation marks omitted)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors, including whether:

> "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore, courts must review all of the factors in determining whether to dismiss for failure to prosecute. *See Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011) (summary order)), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The Second Circuit has also observed that when a plaintiff fails to respond once when threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam).

6

## II. Analysis

Here, the Court finds that the relevant factors weigh in favor of dismissing Plaintiffs' claims against Defendant.

First, since Plaintiffs' counsel's withdrawal from the matter, Plaintiffs have taken no steps to advance the case. *See generally* Docket. Significantly, the docket reflects no efforts by Plaintiffs to comply with the Court's multiple orders, or to obtain new counsel. *See* Mar. 11, 2026 ECF Scheduling Order; Mar. 31, 2026 ECF Rescheduling Order; Apr. 20, 2026 ECF Min. Entry & Order; May 13, 2026 ECF Final Order to Show Cause. Moreover, as LLCs, Plaintiffs are unable to represent themselves in federal court. *See RMP Cap. Corp. v. Spectra Fin. Servs., LLC*, No. 14-CV-3454 (JMA) (SIL), 2016 WL 5793736, at *2 (E.D.N.Y. Sept. 13, 2016) (recommending dismissal of a corporate plaintiff's claims pursuant to Rule 41(b) in part because the plaintiff did not obtain new counsel) (collecting cases), *report and recommendation adopted*, 2016 WL 5678769 (E.D.N.Y. Sept. 30, 2016); *Krishiv, LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-2727 (ER), 2023 WL 4931668, at *2 (S.D.N.Y. Aug. 2, 2023) ("Where a corporation is a plaintiff that fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) is appropriate."); *see also Lattanzio*, 481 F.3d at 140 ("[A] limited liability company also may appear in federal court only through a licensed attorney."). Accordingly, dismissal is appropriate here, as Plaintiffs cannot proceed without a lawyer, and Plaintiffs have made no apparent effort to retain one, even after the multiple notices and extensions of time provided by the Court. *See* Apr. 20, 2026 ECF Min. Entry & Order; May 13, 2026 ECF Final Order to Show Cause; *see also* Order, ECF 35.

Second, the Court is satisfied that Plaintiffs have received proper notice about the possibility of dismissal and that further attempts to warn Plaintiffs would be futile. As noted above, Plaintiffs were warned on three separate occasions that failure to comply

with the Court's orders and obtain new counsel would result in a recommendation of dismissal for failure to prosecute. *See* Mar. 11, 2026 ECF Scheduling Order ("**Failure to have counsel appear for the corporate Plaintiffs may result in this case being dismissed for failure to prosecute.**" (emphasis in original)); Apr. 20, 2026 ECF Min. Entry & Order ("<u>**Plaintiffs are advised that failure to have counsel appear for the corporate Plaintiffs will result in the Court recommending this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**</u>" (emphasis in original)); May 13, 2026 ECF Final Order to Show Cause ("**Plaintiffs are advised that failure to have counsel appear for the corporate Plaintiffs will result in the Court recommending this case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**" (emphasis in original)); *see also* Order, ECF 35, at 3. In addition, each of these orders was sent to Plaintiff via mail and/or email. *See* Affs. of Service, ECF 31, 32, 33, & 34 (Plaintiffs' former counsel noting proof of service of the Court's March 11, 2026 order to Plaintiffs via mail and email); Affs. of Service, ECF 36, 37 (Plaintiffs' former counsel noting proof of service of the Court's April 20, 2026 minute entry and order to Plaintiffs via mail and email); Apr. 20, 2026 ECF Order ("[T]he Clerk of Court is also respectfully directed to provide a copy of this Order to Plaintiffs via mail at (1) CPE Member LLC, 1122 Coney Island Avenue, Suite 203, Brooklyn, New York 11230 and (2) WHP Equities LLC, 1120 Lexington Avenue, Lakewood, New Jersey 08701, as well as via email at oldenequitiesgroup@gmail.com and jrubinprop@gmail.com."); May 13, 2026 ECF Final Order to Show Cause (same).[1]

---

[1] The Court notes that none of the mailings of the Court's orders were returned as undeliverable. *See generally* Docket.

Third, further delay would prejudice Defendant. "[T]he Court may presume that [a] defendant[] [is] prejudiced where a corporate plaintiff does not heed its duty of due diligence to move its case forward, by failing to obtain counsel." *U.S. ex rel. Reliable Const. PM, Inc. v. Land Frog, Inc.* ("*Reliable Const.*"), No. 13-CV-7351 (ARR) (CLP), 2015 WL 740034, at *3 (E.D.N.Y. Feb. 20, 2015) (quotation marks omitted). As noted above, to date, Plaintiffs have failed to comply with four Court orders and have made no indication that new counsel is being sought. *See generally* Docket. Accordingly, the Court finds that prejudice to Defendant can be presumed.

In addition to the notices Plaintiffs received regarding the consequences of the failure to have new counsel appear in the matter, and the prejudice Defendant would face if the case were further delayed, the Court also concludes that the fourth and fifth factors under Rule 41(b) weigh in favor of dismissal. As to the fourth factor, Plaintiffs' multiple failures to participate have wasted "scarce judicial resources" and reduced "fairness to other litigants." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 668 (2d Cir. 1980). Plaintiffs have not only "shown little interest in prosecuting this case," but Plaintiffs have also affirmatively violated multiple court orders directing Plaintiffs to participate. *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). Moreover, Plaintiffs' failure to obtain new counsel means that no party can advance the case because, as LLCs, Plaintiffs may not represent themselves *pro se* in federal court. *Reliable Const.*, 2015 WL 740034, at *3 (collecting cases). Additionally, as to the fifth factor, regarding the adequacy of lesser sanctions, Plaintiffs have failed to respond to four orders and ignored three warnings that failure to have new counsel appear would result in dismissal, making it unlikely that a lesser sanction would result in Plaintiffs' reengagement with the case. *See Ruzsa*, 520 F.3d at 178. Additionally, "'district courts are not required to exhaust possible lesser sanctions before imposing dismissal or

9

default if such a sanction is appropriate on the overall record.'" *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)); *see also Velt Corp. v. United States*, No. 19-CV-5463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020). Given that Plaintiffs were warned on three separate occasions that failure to respond could result in a recommendation of dismissal, such a recommendation is an appropriate response to Plaintiffs' continued failure to participate in this case. *See* Mar. 11, 2026 ECF Scheduling Order; Apr. 20, 2026 ECF Min. Entry & Order; May 13, 2026 ECF Final Order to Show Cause; *see also* Order, ECF 35.

Accordingly, the Court finds that dismissal is the only "efficacious option" and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends dismissing this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

\*   \*   \*   \*   \*

This report and recommendation will be filed electronically and sent by mail and email to Plaintiffs CPE Member LLC and WHP Equities LLC. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Natasha C. Merle at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver

of any further judicial review of the magistrate[ judge's] decision" (quotation marks

omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
       June 3, 2026

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE